NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL DRISCOLL,<br><br>    Plaintiff,<br><br>    v.<br><br>ANAYA LAW GROUP,<br><br>    Defendant. | Case No. 8:18-cv-02309<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes PAUL DRISCOLL ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of ANAYA LAW GROUP ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

1

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1367, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18 residing in Orange County, California, which is located within the Central District of California.

5.   Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a debt collection law firm that collects upon debts owed to third parties.  Moreover, Defendant is a self-disclosed debt collector per the collection letter it mailed to Plaintiff.  Defendant is a California law firm with its principal place of business located at 2629 Townsgate Road, Suite 140, Westlake Village, California 91361.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.   Several years ago, Plaintiff obtained a personal line of credit through NuVision Federal Credit Union ("NuVision").

10.   Due to financial hardship, Plaintiff fell behind on his scheduled payments to NuVision, thus incurring debt ("subject debt").

2

11. Upon information and belief, the subject debt was subsequently turned over to Defendant for collection.

12. On or about December 18, 2018, Defendant mailed Plaintiff a "dunning" letter in an attempt to collect upon the subject debt.

13. Plaintiff felt anxious upon receiving Defendant's letter as it originated from a law firm.

14. In the bottom of Defendant's letter, the salutation reads "Sincerely," and is followed by an electronic signature reflecting the name, "ANAYA LAW GROUP."

15. Through its "ANAYA LAW GROUP" signature, Defendant purports that this dunning letter has been reviewed by at least one attorney in order to exert pressure upon Plaintiff and consumers generally, and compel Plaintiff into making payment out of fear that Defendant, a law firm, will file a lawsuit against him if payment is not made.

16. The lack of a wet signature is indicative that an attorney did not meaningfully reviewed the dunning letter before it was mailed to Plaintiff.

17. Moreover, Defendant's dunning notice is a form letter based on a quick inspection of its contents and format. Therefore, only a simple cut and paste exercise is needed to change the personal information of the recipient.

18. Upon information and belief, Defendant mails several of these form letters on a daily basis.

19. As a result of Defendant's misrepresentation regarding the extent to which an attorney reviewed the collection letter prior to sending it to Plaintiff, Plaintiff felt an undue sense of anxiety that he would be subjected to legal action if prompt payment was not made.

20. Because of this undue anxiety, Plaintiff conferred with his counsel regarding the nature of Defendant's collection letters.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is a self-identified debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. §§ 1692e, e(3), and e(10) by sending at least one collection letter to Plaintiff suggesting that such letter was from, and reviewed by, an attorney. Upon information and belief, Defendant mails several collection letters on daily basis, thus the attorneys are not able to sign every single letter that Defendant mails. Based on the sheer volume of collection letters Defendant's attorneys send on a daily basis, Defendant's attorneys could not have engaged in a meaningful review of each collection letter sent and the underlying account(s) associated with those letters. Sending form collection letters said to be from an attorney when such attorney did not engage in a meaningful review of the letter and associated accounts falsely implies that such attorney has reviewed the file and made the professional, considered determination to send the

letter. Instead, the lack of sufficient review and the lack of any attorney judgment as to whether to send collection letters is in violation of the FDCPA.

      **b. Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated 15 U.S.C. §1692f through its unfair and/or unconscionable misrepresentations that its debt collection correspondence was sent from an attorney who sufficiently reviewed the account(s) associated with such correspondence get to the heart of what the FDCPA was designed to redress – abusive debt collection practices. It is undoubtedly abusive and unfair for a debt collector to falsely suggest that its collection letters were sent after being reviewed by an attorney. This abusive debt collection practice has the impact of instilling an undue sense of urgency in consumers – an injury which the FDCPA was designed to redress. Plaintiff suffered this injury that the FDCPA was designed to redress, as the anxiety and concerns which came about as a result of thinking he was being sent a debt collection correspondence from at least one attorney resulted in Plaintiff conferring with his counsel regarding the letter.

WHEREFORE, Plaintiff, PAUL DRISCOLL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

33. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

34. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

35. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

36. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f. As outlined above, Defendant engaged in deceptive and unfair behavior by invoking the involvement of an attorney when the facts surrounding the letter point to no meaningful involvement from any attorney. The tactics used by Defendant created an undue sense of urgency within Plaintiff, which is unlawful under the RFDCPA.

37. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, PAUL DRISCOLL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: December 31, 2018            Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com