1 **ALANA B. ANAYA, SBN 195758**
   Email: alana@Anayalawgroup.com
2 **JONATHAN A. MALEK, SBN 235125**
   Email: jonathan@Anayalawgroup.com
3 **ANAYA LAW GROUP**
   2629 Townsgate Road Suite 140
4 Westlake Village, CA 91361
   Tel: (805)230-9222
5 Fax: (805)230-9221

6 Attorneys for Defendant,
   ANAYA LAW GROUP
7
                       **UNITED STATES DISTRICT COURT**
8
                      **CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| PAUL DRISCOLL | ) **CASE NO. 8:18-cv-02309 AG (KESx)** |
| Plaintiff, | ) **MOTION FOR SUMMARY JUDGMENT BY DEFENDANT ANAYA LAW GROUP; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | ) |
| ANAYA LAW GROUP, | ) [Filed concurrently with Notice of Motion for Summary Judgment, Declaration of Alana B. Anaya, and [Proposed] Order] |
| Defendant(s). | ) |
| | ) **Hearing on Motion for Summary Judgment** |
| | ) DATE: August 12, 2019 |
| | ) TIME: 10:00 AM |
| | ) LOCATION: |
| | ) 411 West 4th Street, Courtroom 10D, Santa Ana, CA 92701-4516 |

MOTION FOR SUMMARY JUDGMENT                                                1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiff filed his lawsuit alleging violation of the Federal Fair Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act (RFDPA) claiming that a collection letter sent to him was not meaningfully reviewed by an attorney simply because there was no signature at the conclusion of the letter. Through discovery, it has been determined that Plaintiff has no factual basis to support the contention that an attorney was not meaningfully involved. Additionally, the declaration of Alana Anaya and the exhibits thereto demonstrate that Alana Anaya, the principal attorney at the Defendant law firm, was meaningfully involved in the drafting of the demand letter to Plaintiff.

Defendant now moves and submits evidentiary proof that Plaintiff's claims are frivolous and completely fail under both the FDCPA and RFDCPA on the basis that attorney Alana B. Anaya personally reviewed Plaintiff's account in question and prepared the demand letter herself.

## II. PLAINTIFF'S CLAIMS AGAINST ANAYA LAW GROUP ON THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ARE ENTIRELY WITHOUT MERIT

Complaint identifies causes of action of the state and federal versions of the Fair Debt Collection Practices Act. Plaintiff's complaint fails to prove any material violation of the FDCPA or RFDCPA.

///
///
///

**A. The First Cause of Action for Violation of the Federal Fair Debt Collection Practices Act**

    **1. As an attorney reviewed Plaintiff's account information and personally prepared the demand letter, the meaningful involvement standard under the FDCPA has been met.**

Courts have interpreted § 1692e(3) to require that attorneys sending collection letters review the individual debtor's file and have some knowledge of the alleged debt. *See Clomon v. Jackson,* 988 F.2d 1314, 1321 (2d Cir. 1993); *Masuda v. Thomas Richards & Co.,* 759 F. Supp. 1456, 1461 (C.D.Cal. 1991); *Irwin v. Mascott,* 112 F. Supp. 2d 937, 949 (N.D. 2000); *Uyeda v. J.A. Cambece Law Office, P.C.,* 2005 U.S. Dist. LEXIS 9271, 2005 WL 1168421 *3 (N.D. Cal. 2005); *see also Kistner v. Law Office of Michael P. Margelexsky, LLC,* 518 F.3d 433, 438-442 (6th Cir. 2005).

In order to meet his burden, Plaintiff must establish that there was no attorney involvement in the creation of the letter. *See also Avila v Rubin*, 84 F.3d 222 (7th Cir. 1996) (mass-produced collection letters sent on attorney letterhead violated FDCPA where an attorney had no direct personal involvement in the creation, preparation or mailing of letters to a plaintiff.) *Id.* at 228-229. *Newman v. CheckRite, supra*, 912 F. Supp. at 1382. A [*949] debt collector violates this section of the FDCPA when a letter appears to be sent by an attorney without the attorney's having both reviewed the debtor's file and gained some knowledge about the specific debt. *Id.* If the attorney did not first conduct an individual review of the debtor's case, or if the attorney did not determine if a particular letter should be sent, or if the attorney did not know the identity of the person to whom the letter was sent, the communication from the attorney is false and misleading under § 1692e(3).

///

1  Whether an attorney's lack of meaningful involvement in the collections
2  process violates the FDCPA depends on the facts and circumstances of the
3  individual case. *See Taylor v. Quall*, 471 F. Supp. 2d 1053, 1061 (C.D. Cal.
4  2007) (rejecting contention that "there is some general standard under the
5  FDCPA for adequate attorney involvement in debt collection actions").

6  On December 18, 2018, Alana Anaya, an attorney working at Defendant
7  Anaya Law Group ("ALG"), a law firm, received a request to send a demand
8  letter on behalf of NuVision Federal Credit ("NuVision") to Plaintiff Paul
9  Driscoll ("Plaintiff"). The request contained a computer-generated record
10 identifying the loan type, balance, last payment, date of update, date of last
11 payment, balance due, contact information, and interest rate. See Separate
12 Statement of Undisputed Facts (**SSUF**) No. 1-3. Attorney Alana Anaya
13 personally reviewed the information provided by NuVision and the account
14 information contained therein, then personally prepared a demand letter using
15 Microsoft word that was then sent to the Plaintiff, and a copy forwarded back to
16 NuVision Federal Credit Union. (**SSUF** No. 4-5, 8, 12). Defendant sends, at
17 most, a minimum of 5 and maximum of approximately 10 letters per month.
18 With 1-2 on any given day and 0 letters on other days (**SSUF** No. 6,9, 10 ).
19 Attorney Alana Anaya's regular practice is to personally review the account
20 information and prepare the letters herself. (**SSUF** No. 7). No other staff
21 member at the law firm prepares demand letters (**SSUF** No. 11).

22 The discovery responses of the Plaintiff are based on nothing but pure
23 speculation. Plaintiff cannot identify any false or incorrect statements in the
24 letter (**SSUF** No. 13), has no evidence to support his claim that an attorney did
25 not review the letter (**SSUF** No. 14), cannot admit or deny that Alana B. Anaya
26 drafted the letter at issue or that she reviewed is account information before
27 sending the letter (**SSUF** No. 15, 18) and has no evidence to support the claim
28 that "hundreds of demand letters are sent per month" (**SSUF** No. 16). Plaintif

cannot admit or deny that at least one re reviewed Plaintiff's account information from NuVision Federal Credit Union before sending the dunning letter. (**SSUF** No. 17). Last, Plaintiff has no evidence to support his contention that the letter was not drafted by an attorney other than the fact that the letter did not contain a signature. (**SSUF** No. 19-20).

Furthermore, Plaintiff in his complaint admits that he obtained the personal line of credit from NuVision Federal Credit Union and fell behind on the payments. (Docket 1, paragraph 9 and 10). Thus, there is no dispute that the Plaintiff owed the debt at the time the letter was sent. The only singular issue before this court is whether Defendant was meaningfully involved in the preparation of the demand letter. Plaintiff assumes that because the letter was unsigned, that an attorney did not review the letter. The evidence clearly and undeniably shows that Defendant, through principal attorney Alana Anaya, was meaningfully involved in that Ms. Anaya personally reviewed the account information and she personally prepared the demand letter herself.

The undisputed facts demonstrate that an attorney not only handled the intake and all communication regarding the letter sent to the plaintiff, but also drafted the letter and mailed the letter to Plaintiff. Therefore, the cause of action for violation of the FDCPA fails and Defendant is entitled to judgment on this cause of action.

### B. The Second Cause of Action for Violation of the Rosenthal Fair Debt Collection Practices Act

#### 1. As there is no violation of the FDCPA the claim under Rosenthal also fails

The RFDCPA is a derivative of the FDCPA claim. See Complaint at 35 and 36. (Docket Entry 1). The Rosenthal claim is premised on Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with

the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." The Rosenthal claim is also premised on the allegation that the attorney did not meaningfully participate in the drafting of the letter. However, the FDCPA claim fails, the RFDCPA claim necessarily fails as it is based on the same exact allegations as the FDCPA claim. The evidence shows that Defendant was meaningfully involved at all times. Therefore, Plaintiff's claim on this count must fail.

### III. CONCLUSION

Defendant respectfully requests that the Court grant the motion for summary judgment and enter a judgment of dismissal in favor of Defendant.

DATED: July 12, 2019  Anaya Law Group

By: /s/ Jonathan Malek
Alana B. Anaya
Jonathan Malek
Attorneys for Defendant
Anaya Law Group

# **CERTIFICATE OF SERVICE**

I declare that I am employed in the County of Ventura, California. I am over the age of eighteen years and not a party to the within case; my business address is: 2629 Townsgate Road, Suite 140, Westlake Village, CA 91361.

On <u>July 12, 2019</u>, I served the foregoing document described as:

1) Motion for Summary Judgment

On the following interested party/parties in this action:

- **Alana B Anaya**
  alana@anayalawgroup.com
- **Jonathan Alexan Malek**
  Jonathan@anayalawgroup.com,jonathan@anayalawgroup.com,alana@anayalawgroup.com,brett@anayalawgroup.com
- **Nathan C Volheim**
  nvolheim@sulaimanlaw.com,jmickalovski@sulaimanlaw.com,autodocket@sulaimanlaw.com,kwadia@sulaimanlaw.com
- **Nicholas M Wajda**
  nick@wajdalawgroup.com,rlgnotices@gmail.co

[]     **(BY MAIL) [ ] (BY CERTIFIED MAIL RETURN RECEIPT REQUESTED)**
[] by placing a true copy thereof in a sealed envelope with postage fully prepaid. I am readily familiar with the business practice of the Anaya Law Group for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business. [ ] by depositing the seal envelope with the United States Postal Service with postage fully prepaid.

[x]     **(ELECTRONICALLY BY CM/ECF SYSTEM)**
Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF system sends an electronic notification of the filing by email to the parties and counsel of record listed above, who are registered with the Court's CM/ECF System.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on <u>July 12, 2019</u>, at Westlake Village, California.


   Jonathan A. Malek_____                    /s/Jonathan A. Malek
     name                                                     signature