**ALANA B. ANAYA, SBN 195758**
   Email: alana@Anayalawgroup.com
**JONATHAN A. MALEK, SBN 235125**
   Email: jonathan@Anayalawgroup.com
**ANAYA LAW GROUP**
2629 Townsgate Road Suite 140
Westlake Village, CA 91361
Tel: (805)230-9222
Fax: (805)230-9221

Attorneys for Defendant,
ANAYA LAW GROUP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DRISCOLL | CASE NO. **8:18-cv-02309 AG (KESx)** |
| Plaintiff, | **DECLARATION OF ALANA B. ANAYA IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| ANAYA LAW GROUP, | |
| Defendant. | **Hearing on Motion for Summary Judgment** |
| | DATE: August 12, 2019 |
| | TIME: 10:00 AM |
| | LOCATION: |
| | 411 West 4th Street, Courtroom 10D, Santa Ana, CA 92701-4516 |

I, Alana B. Anaya, declare and state as follows:

1)   I am the principal attorney, licensed to practice in the State of California, and owner of Anaya Law Group ("Defendant"), a law firm and Defendant in this action. The declaration made herein is based on my personal knowledge and, if called upon to testify, I could and would do so competently.

2)   On December 18, 2018, I received a request to send a demand letter on behalf of NuVision Federal Credit ("NuVision") to Plaintiff Paul Driscoll ("Plaintiff").   The email from NuVision contained a computer-generated business record identifying Plaintiff's loan type with NuVision, the balance owed, the last payment date, the date of update, date of last payment, balance due, Plaintiff's contact information, and applicable loan interest rate. A true and correct copy of the email from NuVision to my office (partially redacted for personal identifiers and to maintain the attorney-client privilege) is attached hereto as **Exhibit A**.

3)   I personally reviewed the email from NuVision and Plaintiff's account information contained therein. I then personally prepared the demand letter subject to this action that was then mailed to the Plaintiff.  I also sent a copy of the letter back to NuVision, as is my practice.  Attached hereto as **Exhibit B** is a true and correct copy of the email containing the letter sent to NuVision.   Attached hereto as **Exhibit C** is a true and correct copy of the demand letter I personally prepared and mailed to the Plaintiff.

4)   I represent several not-for-profit credit unions in my practice, both in state and bankruptcy courts. However, I do not buy debt from any original creditors, nor do I represent any debt buyers in state court collection cases.

5)   It is my regular practice upon receiving a request to prepare a demand letter, to personally review the account information and prepare the demand letters myself, just like I did with Plaintiff's demand letter in this case.

6)   In terms of frequency, on some days in any given month, I may

send 1-2 demand letters per day, and other days I may send none at all. I estimate that I send approximately 5 to 10 demand letters in any given month on behalf of my credit union clients. I do not have any other staff members prepare demand letters.

7)      In terms of software to prepare demand letters, I utilize Microsoft Word. I do not use, nor have I ever used, any type of mass mailing or mail merge type generating software, as Anaya Law Group does not have the volume of requests to necessitate such software. This allows me to work appropriately on a one-on-one basis with each account and take the time to personally review individual account information so as to comply with both federal and California state debt collection statutes relating to meaningful attorney involvement, as I did in this case.

8)      On or about April 2, 2019, I received verified responses from Plaintiff to Interrogatories served March 7, 2019. True and correct copies of these responses are attached hereto as **Exhibit D**.

9)      On April 2, 2019, I received verified responses from Plaintiff to Requests for Admissions served March 7, 2019. True and correct copies of these responses are attached hereto as **Exhibit E**.

10)     On April 2, 2019, I received verified responses from Plaintiff to Requests for Production of Documents served March 7, 2019. True and correct copies of these responses are attached hereto as **Exhibit F**.

11)     After written discovery was exchanged with Plaintiff's counsel, it is now my opinion that Plaintiff has brought this action entirely in bad faith, based purely on speculation with no evidence whatsoever, simply because the demand letter lacked my signature at the bottom of the demand letter. The evidence is now clear based on my testimony and the emails exchange with my client, NuVision, that I alone drafted the demand letter after meaningful review. I believe counsel for Plaintiff is the driving force of this lawsuit, and simply filed

the instant lawsuit on pure assumption in hopes of reaching a quick monetary settlement based on the strict liability debt collection laws being so stringent against creditors and creditors' counsel.  I am hopeful this honorable Court will see that there is no triable issue of fact needed, and that neither Plaintiff nor his attorneys should be rewarded for filing this bad faith, seemingly frivolous action against my law firm.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of July, 2019, at Westlake Village, California.

/s/ Alana B. Anaya

_____

Alana B. Anaya
Declarant

Exhibit "A"

**Alana Anaya**

| | |
|---|---|
| **From:** | Alana Anaya |
| **Sent:** | Tuesday, December 18, 2018 2:36 PM |
| **To:** | 'Haiel Jandali' |
| **Subject:** | RE: Atty demand |
| **Attachments:** | Driscoll.pdf |

Please see the attached.

**Alana B. Anaya, Esq.**
Anaya Law Group
2629 Townsgate Road, Suite 140
Westlake Village, California 91361
Telephone: (805) 230-9222
Fax: (805) 230-9221

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (805) 230-9222, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Haiel Jandali <HJandali@nuvisionfederal.org>
**Sent:** Tuesday, December 18, 2018 11:40 AM
**To:** Alana Anaya <alana@anayalawgroup.com>
**Subject:** Atty demand

Hi Alana,

Please send atty demand to the member, █████████████████████████████████████████████████████
████████████████████████

DEF 000003



**Paul Driscoll**

17172 BOLSA CHICA ST APT 6
HUNTINGTON BEACH, CA 92649-4427
**Home:** 949-374-6300
**Email:** PDRISCOLL14@GMAIL.COM
**SSN:** =====7826
**DOB:** /1951

DEF 000004

**Personal**

| | | |
|---|---|---|
| Primary Full Name: Paul Driscoll | | Primary SSN: 7826 |
| Primary.Account Number: 0268 | | Account Identifier: 5888 |
| Birth Date: /1951 | | Primary Drivers License: |
| Primary License State: | | Primary.Phone.Mobile |
| | | Phone Number: |

Primary                    5888                    $11,407.34    111    $671.00                          End
                                                                                                        Credit

| | | |
|---|---|---|
| Purpose Code: | VIN: | Pym Amt: |
| Collateral Code: | Collateral: | Interest Rate: 10.900 |
| Loan Officer: | DQ Reason: | Per Diem: |
| Branch: | Primary FICO: | Term: |
| Orig Loan Amt: | Orig Date: | |
| Attn Msg: | | |

**VISA**

| | | |
|---|---|---|
| Cycle 1 DQ Count: 0 | Date Opened: 4/7/2015 | Internal Status: |
| Cycle 2 DQ Count: 0 | Card Number: 5459 | |
| Available Credit: $617.39 | External Status: | Visa/Heloc Limit: $11,000.00 |
| Cur Rate Purch | Credit Card.Block | |
| Bal: | Code: | |

2

| | | Charge Off.Charged Off Date: | | | | | | Charge Off.Charged Off Amount: | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Deposit.Last Trans Dte: | | | | | | Charge Off.Balance.At Time Of Charge Off Date Last Paid: | | |
| | | Date Assigned: | | | | | | Date Last Paid: 08/17/2018 | | |
| | | Date Last Updated: 12/18/2018 | | 11:22 AM | | | | Last Tran Date: | | |
| | | Non Accrual Date: | | | | | | Charge Off.Date Cancelled: | | |
| | | Deposit.Last Activity Date: | | | | | | Account Status: | | |

DEF 000005

And

| Active | Primary | ████8889 | CNS | N022 | $4,866.42 | 84 | $555.91 | $67.63 | 9/25/2018 | $0.00 | $5,104.01 MNT |
|---|---|---|---|---|---|---|---|---|---|---|---|

| | |
|---|---|
| Purpose Code: | VIN: |
| Collateral Code: | Collateral: |
| Loan Officer: Pre Approval Cert | DQ Reason: None |
| Branch: Call Center | Primary FICO: ████ |
| Orig Loan Amt: $7,500.00 | Orig Date: 11/22/2016 |
| Attn Msg: | |
| Special Note: | |

| | Pym Amt: $162.76 |
|---|---|
| | Interest Rate: 10.900 |
| | Per Diem: $1.45 |
| | Term: 60 |

| | | Charge Off.Charged Off Date: | | | | | | Charge Off.Charged Off Amount: | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Deposit.Last Trans Dte: | | | | | | Charge Off.Balance.At Time Of Charge Off Date Last Paid: | | |
| | | Date Assigned: | | | | | | Date Last Paid: 08/23/2018 | | |
| | | Date Last Updated: 12/18/2018 | | 11:22 AM | | | | Last Tran Date: | | |
| | | Non Accrual Date: | | | | | | Charge Off.Date Cancelled: | | |
| | | Deposit.Last Activity Date: | | | | | | Account Status: Active | | |

Sincerely

**Haiel Jandali**
Phone: 714.375.8113
Fax   : 714.375.8536

3

# Exhibit "B"

**Alana Anaya**

---

| | |
|---|---|
| **From:** | Alana Anaya |
| **Sent:** | Tuesday, December 18, 2018 2:36 PM |
| **To:** | 'Haiel Jandali' |
| **Subject:** | RE: Atty demand |
| **Attachments:** | Driscoll.pdf |

Please see the attached.

**Alana B. Anaya, Esq.**
Anaya Law Group
2629 Townsgate Road, Suite 140
Westlake Village, California 91361
Telephone: (805) 230-9222
Fax: (805) 230-9221

CONFIDENTIALITY NOTICE: The information contained in this e-mail transmission is intended only for use of the individual or entity named above. This e-mail transmission, and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, copying or other use of this transmission or any of the information contained in or attached to it is strictly prohibited. If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (805) 230-9222, and destroy the original e-mail transmission and its attachments without reading or saving it in any manner. Thank you.

**From:** Haiel Jandali <HJandali@nuvisionfederal.org>
**Sent:** Tuesday, December 18, 2018 11:40 AM
**To:** Alana Anaya <alana@anayalawgroup.com>
**Subject:** Atty demand

Hi Alana,

Please send atty demand to the member, ███████████████████████████████████████████████████
████████████████████████████

DEF 000003

7812 Edinger Ave,
Huntington Beach, CA 92647
hjandali@nuvisionfederal.org



DEF 000006

Exhibit "C"

# ANAYA LAW GROUP

2629 Townsgate Road, Suite 140, Westlake Village, California 91361

PHONE (805) 230-9222

FAX (805) 230-9221

ALANA@ANAYALAWGROUP.COM

December 18, 2018

Paul Driscoll
17172 Bolsa Chica St Apt 6
Huntington Beach, CA 92649

      Re: NuVision Federal Credit Union/Driscoll, Paul
      Account Number Ending In: 5888 (VISA) Account Balance: $11,407.34;

Mr. Driscoll:

      Our office represents NuVision Federal Credit Union ("Credit Union") and we have been requested to contact you regarding your indebtedness under the above referenced credit card account.

      Due to your failure to pay as agreed, you are in default and there is now due, owing and unpaid from you to the Credit Union the sum set forth above. Due to the default, the Credit Union has elected to declare the entire balance immediately due and owing.

      Please be advised that if you fail to satisfy your indebtedness as demanded herein, the Credit Union will have no alternative but to consider its available legal remedies against you as provided for in the written agreement and California law. If a legal action is filed against you, that legal action could result in a judgment against you which include the cost and necessary disbursement allowed by the Code of Civil Procedure Section 1033, including the filing fee, the actual cost of service and process, and reasonable attorneys' fee incurred by the credit union.

      Unless you dispute the validity of the debt, or any portion of the debt, within 30 days of your receipt of this notice, we will assume that the debt is valid. If you notify us in writing within 30 day period that the debt, or any portion of the debt, is in dispute, we will obtain verification of the debt and will mail a copy of the verification to you via regular first class mail. Further, if you send a written request to us within 30 days of your receipt of this notice, we will provide you with the name and address of the original creditor, if it is different from the current creditor.

      You can contact us at the address and telephone number indicated on the letterhead above.

      You should be aware that we are collecting a debt for the Credit Union and that any information you provide to us may be used to assist us or the Credit Union in collecting the debt.

(See Disclosures on Page 2)

DEF 000001

December 18, 2018
Page    2

_____

      If you are unable to honor this demand but want to explore settlement possibilities, please submit a proposal in writing at your earliest convenience.

      Please give this matter your prompt attention.


                        Sincerely,

                        ANAYA LAW GROUP


## DISCLOSURE STATEMENTS

### FEDERAL

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

### CALIFORNIA

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

DEF 000002

Exhibit "D"

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| PAUL DRISCOLL, | |
| Plaintiff, | |
| v. | Case No. 8:18-cv-02309-AG-KES |
| ANAYA LAW GROUP, | |
| Defendant. | |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO ANAYA LAW GROUP'S FIRST SET OF INTERROGATORIES**

NOW comes PAUL DRISCOLL ("Plaintiff"), by the undersigned attorneys, and hereby submits the following Answers and Objections to the First Set of Interrogatories propounded by ANAYA LAW GROUP ("Defendant"), pursuant to the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:** IDENTIFY each PERSON who prepared or assisted in the preparation of the responses to these interrogatories.

**ANSWER:** Plaintiff Paul Driscoll, assisted by his attorney, Nathan C. Volheim


**INTERROGATORY NO. 2:** IDENTIFY any and each PERSON who has knowledge of any facts alleged in or supporting the facts alleged by YOU in YOUR complaint against Defendant.

**ANSWER:** Plaintiff, Plaintiff's counsel, Defendant, and all of Defendant's officers, managers, and custodians of record who have knowledge of the actions stated in Plaintiff's allegations.

**INTERROGATORY NO. 3:** IDENTIFY any non-privileged statements, written or oral, made by YOU or anyone on YOUR behalf in YOUR complaint with regard to Defendant, his employees, attorneys, or agents.

**ANSWER:** Plaintiff is not in possession of any documents to assist in answering this Interrogatory.

**INTERROGATORY NO. 4:** IDENTIFY any investigative reports by YOU, or anyone on YOUR behalf in the past two (2) years, regarding Defendant, its employees, attorneys, or agents.

**ANSWER:** Plaintiff is not in possession of any documents to assist in answering this Interrogatory.

**INTERROGATORY NO. 5:** IDENTIFY any interviews conducted by YOU, or by anyone on YOUR behalf, within the past two (2) years, regarding Defendant, its employees, attorneys, or agents.

**ANSWER:** Plaintiff is not in possession of any documents to assist in answering this Interrogatory.

**INTERROGATORY NO. 6:** IDENTIFY any recordings (audio or video) of communications made YOU or anyone on YOUR behalf, within the past two (2) years, with NuVision Federal Credit Union, its employees, attorneys, or agents.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that Defendant is seeking information irrelevant to Plaintiff's allegations against Defendant. Subject to and without waiving the foregoing objection, Plaintiff states that he is not in possession of any recordings in relation to Defendant's Interrogatory.

**INTERROGATORY NO. 7:** IDENTIFY any recordings (audio or video) of communications made YOU or anyone on YOUR behalf, within the past two (2) years, with Defendant, its employees, attorneys, or agents.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that Defendant is requesting information that should be contained in Defendant's business records. Additionally, Plaintiff's allegations pertain to a letter issued by Defendant, rather than phone calls as requested in Defendant's Interrogatory.

**INTERROGATORY NO. 8:** DESCRIBE IN DETAIL how the lack of wet ink signature is indicative that an attorney did not meaningfully review the alleged dunning letter before it was mailed to Plaintiff, as stated in paragraph 16 of YOUR complaint.

**ANSWER:** Plaintiff refers Defendant paragraph 15 and 30 of his complaint which further explains that the dunning letter received by Plaintiff is in such a format to lead Plaintiff to believe that it is implied to have been written and reviewed by an attorney from the law firm, as it states that "legal action may be filed". However, a lack of signature signifies that the letter was not verified by an attorney, but rather, that the letter was generated and issued in attempt to coerce payment from Plaintiff.

**INTERROGATORY NO. 9:** DESCRIBE IN DEATIL how Defendant's alleged dunning notice is a form letter based on a quick inspection of its contents and format as alleged in paragraph 17 of YOUR complaint.

**ANSWER:** Plaintiff states that the dunning letter is formatted in such a way to be generate for a mass amount of consumers who have defaulted by generating name and account fields to reflect each debt holders' name. Plaintiff additionally states the lack of signature with a general "ANAYA LAW GROUP" implies that all letters are generated and issued without an individual or attorney review.

**INTERROGATORY NO. 10:**  DESCRIBE IN DETAIL that Defendant only made a simple cut and paste exercise of personal information of the Plaintiff as alleged in paragraph 17 of YOUR complaint.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory number 9 as fully set herein.

**INTERROGATORY NO. 11:**  DESCRIBE IN DETAIL the information available that makes you believe that Defendants "mails several form letters on a daily basis" as alleged in paragraph 18 of YOUR complaint.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory number 9 as fully set herein.

 **INTERROGATORY NO. 12:**  DESCRIBE IN DETAIL how Defendant's alleged dunning notice is a form letter based on a quick inspection of its contents and format, only a simple cut and paste exercise is needed to change the personal information of the recipient as alleged in YOUR complaint.

**ANSWER:** Plaintiff states that upon inspection of Defendant's dunning letter, it can be seen that only a simple alteration of Plaintiff's name, address, and account number can allow for collection letters to be distributed to a large amount of debt holders at one time.

**NTERROGATORY NO. 13:**  Other than not signing the letter with a wet ink signature, DESCRIBE IN DETAIL how Defendant allegedly failed to review the dunning letter prior to sending it to Plaintiff.

**ANSWER:** Plaintiff incorporates her Answer to Interrogatory No. 8 as fully set herein.

**INTERROGATORY NO. 14:**  IDENTIFY all misrepresentations YOU believe are present in the alleged letter subject to this action.

**ANSWER:** *See* Plaintiff's Complaint, specifically paragraph 19 which states that Defendant implied that the dunning letter was reviewed by an attorney to verify the legal verbiage utilized to advise Plaintiff of potential legal action if Plaintiff debt was left unpaid.

**INTERROGATORY NO. 15:**  IDENTIFY all COMMUNICATIONS which YOU consider relevant to this case.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that information being requested is too vague. Subject to and without waiving the foregoing objection, Plaintiff states he does not possess any communications relating to this Interrogatory.

**INTERROGATORY NO. 16:**  IDENTIFY all DOCUMENTS which YOU consider relevant to this case.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that information being requested is too vague. Subject to and without waiving the foregoing objection, Plaintiff refers Defendant to the documents attached hereto as DRISCOLL 000001-000004, documents received by Plaintiff from Defendant and NuVision.

**INTERROGATORY NO. 17:**  IDENTIFY all DOCUMENTS which YOU presently intend to introduce at time of trial in this case.

**ANSWER:** Plaintiff objects to this Request as premature. Plaintiff will submit his trial exhibits in accordance with the requirements of Federal Rule of Civil Procedure 26 and the Scheduling Order set by the Court. Notwithstanding and without waiving the objection, Plaintiff incorporates his Answer to Interrogatory No. 16 as fully set herein.

**ITERROGATORY NO. 18:** IDENTIFY all COMMUNICATIONS which YOU presently intend to introduce at time of trial in this case.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 16 as fully set herein.

**ITERROGATORY NO. 19:** Without disclosing privileged information from YOUR counsel, IDENTIFY the rate at which YOU are charged for attorney' fees in this action that YOU intend to present to the Court for a fee request should YOU prevail.

**ANSWER:**  Plaintiff is not in possession of any information in relation to this Interrogatory that is not covered by attorney-client privilege, or that is not seeking proprietary and/or trade secrets information, and/or work product.

**ITERROGATORY NO. 20:** IDENTIFY the attorneys' fees from all counsel YOU have incurred to date.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 19 as fully set herein.

**ITERROGATORY NO. 21:** IDENTIFY the court costs YOU have incurred to date.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 19 as fully set herein.

Dated: April 2, 2019

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148

(630) 568-3056
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that on April 2, 2019, he caused a copy of the foregoing, **PLAINTIFF'S ANSWERS AND OBJECTIONS TO ANAYA LAW GROUP'S FIRST SET OF INTERROGATORIES**, to be served via email and certified mail on:

ANAYA LAW GROUP
Alana B. Anaya
Jonathan A. Malek
2629 Townsgate Road, Suite 140
Westlake Village, CA 91361
alana@anayalawgroup.com
jonathan@anayalawgroup.com

*Counsel for Anaya Law Group*

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 568-3056
(630) 575-8188 (fax)

## <u>VERIFICATION</u>

I, Paul Driscoll, declare under penalty of perjury that I have read the foregoing answers to the Defendant Anaya Law Gr oup's First S et Interrogatories, Requests f or P roduction, and Requests f or A dmission, and t hat t he an swers s et f orth t herein ar e truthful t o the best of my knowledge, information, and belief.

Executed on March 27, 2019

DocuSigned by:

Paul Driscoll

# Exhibit "E"

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PAUL DRISCOLL,

      Plaintiff,

v.

ANAYA LAW GROUP,

      Defendant.

Case No. 8:18-cv-02309-AG-KES

---

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO ANAYA LAW GROUP'S FIRST REQUEST FOR ADMISSIONS

---

NOW comes PAUL DRISCOLL ("Plaintiff"), by the undersigned attorneys, and hereby submits the following Answers and Objections to the First Request for Admissions propounded by ANAYA LAW GROUP ("Defendant"), pursuant to the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, as follows:

### FIRST REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** ADMIT that the dunning letter that is the subject to this case dated December 18, 2018, contains the correct balance owing to NuVision Federal Credit Union.

**ANSWER:**  Plaintiff can neither admit nor deny this Request for Admission on the basis that Defendant is in a better position to verify account balance and payments.

**REQUEST FOR ADMISSION NO. 2:** ADMIT that Alana B. Anaya is the principal owner of Anaya Law.

**ANSWER:**  Plaintiff can neither admit nor deny this Request for Admission on the basis that Defendant is Anaya Law Group.

**REQUEST FOR ADMISSION NO. 3:** ADMIT that Alana B. Anaya received Plaintiff's account information on or about December 18, 2018 directly for NuVision Federal Credit Union.

**ANSWER:**  Plaintiff can neither admit nor deny this Request for Admission on the basis that Defendant is in a better position to verify account information, including but not limited to, dates of transfer of balance from the original creditor.

**REQUEST FOR ADMISSION NO. 4:** ADMIT that Alana B. Anaya personally reviewed Plaintiff's account information provided by NuVision Federal Credit Union prior to drafting the dunning letter.

**ANSWER:** Plaintiff can neither admit nor deny this Request for Admission as Plaintiff is not in possession of any account note or information regarding attorney verification of his account. To the extent that an answer is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 5:** ADMIT that Alana B. Anaya personally drafted the December 18, 2018 dunning letter based on Plaintiff's account information with NuVision Federal Credit Union.

**ANSWER:** Plaintiff can neither admit nor deny this Request for Admission as Plaintiff is not in possession of any account note or information regarding attorney verification of his account. To the extent that an answer is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 6:** ADMIT that, based on Alana B. Anaya's personal drafting of the dunning letter in this action, her wet ink signature was not necessary.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 7:** ADMIT that a wet ink signature is not required under the Fair Debt Collection Practices Act.

**ANSWER:** Plaintiff can neither admit nor deny this Request for Admission as this Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 8:** ADMIT that YOU have made a false assumption that Alana B. Anaya, as principal of Anaya Law Group, did not draft the dunning letter subject to this action.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 9:** ADMIT that Defendant only drafts between approximately 0-14 dunning letters per month.

**ANSWER:** Plaintiff can neither admit nor deny this Request for Admission on the basis that Plaintiff is not in possession of any specific documentation to verify the exact number of letters distributed by Defendant. To the extent that an answer is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 10:** ADMIT that YOU brought this action in bad faith against Defendant.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 11:** ADMIT that at least one attorney reviewed Plaintiff's account information from NuVision Federal Credit Union before sending the dunning letter.

**ANSWER:** Plaintiff can neither admit nor deny this Request for Admission as Plaintiff is not in possession of any account note or information regarding attorney verification of his account. To the extent that an answer is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 12:** ADMIT that Alana B. Anaya fully reviewed Plaintiff's account information from NuVision Federal Credit Union before sending the dunning letter.

**ANSWER:** Plaintiff can neither admit nor deny this Request for Admission as Plaintiff is not in possession of any account note or information regarding attorney verification of his account. To the extent that an answer is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 13:** ADMIT that Alana B. Anaya's drafting of the dunning letter subject to this case was not a simple "cut and paste exercise" as alleged in paragraph 18 of YOUR complaint.

**ANSWER:** Plaintiff can neither admit nor deny this Request for Admission as Plaintiff is not in possession of the documents and/or manuals regarding the drafting and distribution of letters similar to the dunning letter received by Plaintiff. To the extent that an answer is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 14:** ADMIT that YOU brought this action against Defendant without conducting an investigation into the allegations made in the complaint.

**ANSWER:** Deny.

Dated:  April 2, 2019                    Respectfully submitted,

                              s/ Nathan C. Volheim
                              Nathan C. Volheim, Esq. #6302103
                              *Counsel for Plaintiff*
                              Admitted in the Western District of Texas
                              Sulaiman Law Group, Ltd.
                              2500 South Highland Avenue, Suite 200
                              Lombard, Illinois 60148
                              (630) 568-3056
                              (630) 575-8188 (fax)
                              nvolheim@sulaimanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, one of the attorneys for Plaintiff, certifies that on April 2, 2019, he caused a copy of the foregoing, **PLAINTIFF'S RESPONSES AND OBJECTIONS TO ANAYA LAW GROUP'S FIRST REQUEST FOR ADMISSIONS**, to be served via email on:

ANAYA LAW GROUP
Alana B. Anaya
Jonathan A. Malek
2629 Townsgate Road, Suite 140
Westlake Village, CA 91361
alana@anayalawgroup.com
jonathan@anayalawgroup.com

*Counsel for Anaya Law Group*


s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*

Exhibit "F"

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| PAUL DRISCOLL, | |
| Plaintiff, | |
| v. | Case No. 8:18-cv-02309-AG-KES |
| ANAYA LAW GROUP, | |
| Defendant. | |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO ANAYA LAW GROUP'S FIRST SET OF INTERROGATORIES

NOW comes PAUL DRISCOLL ("Plaintiff"), by the undersigned attorneys, and hereby submits the following Answers and Objections to the First Set of Interrogatories propounded by ANAYA LAW GROUP ("Defendant"), pursuant to the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** IDENTIFY each PERSON who prepared or assisted in the preparation of the responses to these interrogatories.

**ANSWER:** Plaintiff Paul Driscoll, assisted by his attorney, Nathan C. Volheim


**INTERROGATORY NO. 2:** IDENTIFY any and each PERSON who has knowledge of any facts alleged in or supporting the facts alleged by YOU in YOUR complaint against Defendant.

**ANSWER:** Plaintiff, Plaintiff's counsel, Defendant, and all of Defendant's officers, managers, and custodians of record who have knowledge of the actions stated in Plaintiff's allegations.

**INTERROGATORY NO. 3:** IDENTIFY any non-privileged statements, written or oral, made by YOU or anyone on YOUR behalf in YOUR complaint with regard to Defendant, his employees, attorneys, or agents.

**ANSWER:** Plaintiff is not in possession of any documents to assist in answering this Interrogatory.

**INTERROGATORY NO. 4:** IDENTIFY any investigative reports by YOU, or anyone on YOUR behalf in the past two (2) years, regarding Defendant, its employees, attorneys, or agents.

**ANSWER:** Plaintiff is not in possession of any documents to assist in answering this Interrogatory.

**INTERROGATORY NO. 5:** IDENTIFY any interviews conducted by YOU, or by anyone on YOUR behalf, within the past two (2) years, regarding Defendant, its employees, attorneys, or agents.

**ANSWER:** Plaintiff is not in possession of any documents to assist in answering this Interrogatory.

**INTERROGATORY NO. 6:** IDENTIFY any recordings (audio or video) of communications made YOU or anyone on YOUR behalf, within the past two (2) years, with NuVision Federal Credit Union, its employees, attorneys, or agents.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that Defendant is seeking information irrelevant to Plaintiff's allegations against Defendant. Subject to and without waiving the foregoing objection, Plaintiff states that he is not in possession of any recordings in relation to Defendant's Interrogatory.

**INTERROGATORY NO. 7:** IDENTIFY any recordings (audio or video) of communications made YOU or anyone on YOUR behalf, within the past two (2) years, with Defendant, its employees, attorneys, or agents.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that Defendant is requesting information that should be contained in Defendant's business records. Additionally, Plaintiff's allegations pertain to a letter issued by Defendant, rather than phone calls as requested in Defendant's Interrogatory.

**INTERROGATORY NO. 8:** DESCRIBE IN DETAIL how the lack of wet ink signature is indicative that an attorney did not meaningfully review the alleged dunning letter before it was mailed to Plaintiff, as stated in paragraph 16 of YOUR complaint.

**ANSWER:** Plaintiff refers Defendant paragraph 15 and 30 of his complaint which further explains that the dunning letter received by Plaintiff is in such a format to lead Plaintiff to believe that it is implied to have been written and reviewed by an attorney from the law firm, as it states that "legal action may be filed". However, a lack of signature signifies that the letter was not verified by an attorney, but rather, that the letter was generated and issued in attempt to coerce payment from Plaintiff.

**INTERROGATORY NO. 9:** DESCRIBE IN DEATIL how Defendant's alleged dunning notice is a form letter based on a quick inspection of its contents and format as alleged in paragraph 17 of YOUR complaint.

**ANSWER:** Plaintiff states that the dunning letter is formatted in such a way to be generate for a mass amount of consumers who have defaulted by generating name and account fields to reflect each debt holders' name. Plaintiff additionally states the lack of signature with a general "ANAYA LAW GROUP" implies that all letters are generated and issued without an individual or attorney review.

**INTERROGATORY NO. 10:**  DESCRIBE IN DETAIL that Defendant only made a simple cut and paste exercise of personal information of the Plaintiff as alleged in paragraph 17 of YOUR complaint.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory number 9 as fully set herein.

**INTERROGATORY NO. 11:**  DESCRIBE IN DETAIL the information available that makes you believe that Defendants "mails several form letters on a daily basis" as alleged in paragraph 18 of YOUR complaint.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory number 9 as fully set herein.

 **INTERROGATORY NO. 12:**  DESCRIBE IN DETAIL how Defendant's alleged dunning notice is a form letter based on a quick inspection of its contents and format, only a simple cut and paste exercise is needed to change the personal information of the recipient as alleged in YOUR complaint.

**ANSWER:** Plaintiff states that upon inspection of Defendant's dunning letter, it can be seen that only a simple alteration of Plaintiff's name, address, and account number can allow for collection letters to be distributed to a large amount of debt holders at one time.

**NTERROGATORY NO. 13:**  Other than not signing the letter with a wet ink signature, DESCRIBE IN DETAIL how Defendant allegedly failed to review the dunning letter prior to sending it to Plaintiff.

**ANSWER:** Plaintiff incorporates her Answer to Interrogatory No. 8 as fully set herein.

**INTERROGATORY NO. 14:**  IDENTIFY all misrepresentations YOU believe are present in the alleged letter subject to this action.

**ANSWER:** *See* Plaintiff's Complaint, specifically paragraph 19 which states that Defendant implied that the dunning letter was reviewed by an attorney to verify the legal verbiage utilized to advise Plaintiff of potential legal action if Plaintiff debt was left unpaid.

**INTERROGATORY NO. 15:**  IDENTIFY all COMMUNICATIONS which YOU consider relevant to this case.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that information being requested is too vague. Subject to and without waiving the foregoing objection, Plaintiff states he does not possess any communications relating to this Interrogatory.

**INTERROGATORY NO. 16:**  IDENTIFY all DOCUMENTS which YOU consider relevant to this case.

**ANSWER:** Plaintiff objects to this Interrogatory on the basis that information being requested is too vague. Subject to and without waiving the foregoing objection, Plaintiff refers Defendant to the documents attached hereto as DRISCOLL 000001-000004, documents received by Plaintiff from Defendant and NuVision.

**INTERROGATORY NO. 17:**  IDENTIFY all DOCUMENTS which YOU presently intend to introduce at time of trial in this case.

**ANSWER:** Plaintiff objects to this Request as premature. Plaintiff will submit his trial exhibits in accordance with the requirements of Federal Rule of Civil Procedure 26 and the Scheduling Order set by the Court. Notwithstanding and without waiving the objection, Plaintiff incorporates his Answer to Interrogatory No. 16 as fully set herein.

**ITERROGATORY NO. 18:** IDENTIFY all COMMUNICATIONS which YOU presently intend to introduce at time of trial in this case.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 16 as fully set herein.

**ITERROGATORY NO. 19:** Without disclosing privileged information from YOUR counsel, IDENTIFY the rate at which YOU are charged for attorney' fees in this action that YOU intend to present to the Court for a fee request should YOU prevail.

**ANSWER:**  Plaintiff is not in possession of any information in relation to this Interrogatory that is not covered by attorney-client privilege, or that is not seeking proprietary and/or trade secrets information, and/or work product.

**ITERROGATORY NO. 20:** IDENTIFY the attorneys' fees from all counsel YOU have incurred to date.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 19 as fully set herein.

**ITERROGATORY NO. 21:** IDENTIFY the court costs YOU have incurred to date.

**ANSWER:** Plaintiff incorporates his Answer to Interrogatory No. 19 as fully set herein.

Dated: April 2, 2019

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148

(630) 568-3056
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


**CERTIFICATE OF SERVICE**

      The undersigned, one of the attorneys for Plaintiff, certifies that on April 2, 2019, he caused a copy of the foregoing, **PLAINTIFF'S ANSWERS AND OBJECTIONS TO ANAYA LAW GROUP'S FIRST SET OF INTERROGATORIES**, to be served via email and certified mail on:

ANAYA LAW GROUP
Alana B. Anaya
Jonathan A. Malek
2629 Townsgate Road, Suite 140
Westlake Village, CA 91361
alana@anayalawgroup.com
jonathan@anayalawgroup.com

*Counsel for Anaya Law Group*


s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 568-3056
(630) 575-8188 (fax)

# ANAYA LAW GROUP

2629 Townsgate Road, Suite 140, Westlake Village, California 91361

PHONE (805) 230-9222

FAX (805) 230-9221

ALANA@ANAYALAWGROUP.COM

December 18, 2018

Paul Driscoll
17172 Bolsa Chica St Apt 6
Huntington Beach, CA 92649

Re: <u>NuVision Federal Credit Union/Driscoll, Paul</u>
<u>Account Number Ending In: 5888 (VISA) Account Balance: $11,407.34;</u>

Mr. Driscoll:

Our office represents NuVision Federal Credit Union ("Credit Union") and we have been requested to contact you regarding your indebtedness under the above referenced credit card account.

Due to your failure to pay as agreed, you are in default and there is now due, owing and unpaid from you to the Credit Union the sum set forth above. Due to the default, the Credit Union has elected to declare the entire balance immediately due and owing.

Please be advised that if you fail to satisfy your indebtedness as demanded herein, the Credit Union will have no alternative but to consider its available legal remedies against you as provided for in the written agreement and California law. If a legal action is filed against you, that legal action could result in a judgment against you which include the cost and necessary disbursement allowed by the Code of Civil Procedure Section 1033, including the filing fee, the actual cost of service and process, and reasonable attorneys' fee incurred by the credit union.

Unless you dispute the validity of the debt, or any portion of the debt, within 30 days of your receipt of this notice, we will assume that the debt is valid. If you notify us in writing within 30 day period that the debt, or any portion of the debt, is in dispute, we will obtain verification of the debt and will mail a copy of the verification to you via regular first class mail. Further, if you send a written request to us within 30 days of your receipt of this notice, we will provide you with the name and address of the original creditor, if it is different from the current creditor.

You can contact us at the address and telephone number indicated on the letterhead above.

You should be aware that we are collecting a debt for the Credit Union and that an information you provide to us may be used to assist us or the Credit Union in collecting the debt.

(See Disclosures on Page 2)



December 18, 2018
Page   2

If you are unable to honor this demand but want to explore settlement possibilities, please submit a proposal in writing at your earliest convenience.

Please give this matter your prompt attention.

Sincerely,

ANAYA LAW GROUP

## DISCLOSURE STATEMENTS

### FEDERAL

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

### CALIFORNIA

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.



**NUVISION** CREDIT UNION

11/13/2018

Paul  Driscoll
17172 BOLSA CHICA ST APT 6
HUNTINGTON BEACH, CA 926494427

Re: Account #: ████████5888

Dear Paul  Driscoll

Our records indicate your account with NuVision is in default and as a result your visa
limit has been revoked.  No charge requests will be honored and you will no longer have
access to the limit; but will still be obligated to pay the balance due.

Account closure does not release you from your obligation to repay the outstanding
balance. You will still receive monthly statements but if you wish to make payment
arrangements or pay the balance in full, please contact us for an exact payoff amount.

If you require further information or need financial assistance, please call Member
Solutions at 800-444-6327.  Our hours of operations are: Monday - Friday 8:00AM -
6:00PM and Saturday 8:30AM -2:00PM.

Sincerely,

Rachel Toia

*We may report information about your account to credit bureaus.  Late payments, missed
payments, or other defaults on your account may be reflected in your credit report.*

7812 Edinger Avenue
Huntington Beach, CA 92647
800.444.6327
nuvisionfederal.org



**NUVISION** 7812 Edinger Avenue
CREDIT UNION  Huntington Beach, CA 92647
800.444.6327 | nuvisionfederal.com

**Past Due Notice**

November 24, 2018

Account: XXXXXXX8889

PAUL DRISCOLL
17172 BOLSA CHICA ST APT 6
HUNTINGTON BEACH  CA  92649-4427

We recently sent you a friendly reminder that your payment had not been received and was therefore past due. As of this date, we have not yet received your payment, which now includes a late charge and could negatively impact your credit history. If your payment has been sent, we thank you and ask that you disregard this letter. If however, the payment has not yet been made please send it today.

It is very important that your payment be sent immediately so that not further action is necessary. If your payment of other arrangements are not made with us within five (5) days, we will have no other alternative than to refer your account to a Collector.

| Account No. | Payment Amount | Total Amount Due |
|---|---|---|
| XXXXXXX8889 | $361.77 | $361.77 |

If your payment has been sent, we thank you and ask that you please disregard this letter.

Sincerely,
Member Solutions 800.444.6327

**IMPORTANT NOTICE:** We may report information about your account to credit reporting agencies. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Please Detach & Return With Payment

**NUVISION** 7812 Edinger Avenue
CREDIT UNION  Huntington Beach, CA 92647
800.444.6327 | nuvisionfederal.com

**Past Due Notice
Payment Coupon**

Account Number: XXXXXXX8889

Total Due: $361.77

Amount Enclosed: _____

PAUL DRISCOLL
17172 BOLSA CHICA ST APT 6
HUNTINGTON BEACH  CA  92649-4427

## CERTIFICATE OF SERVICE

I declare that I am employed in the County of Ventura, California. I am over the age of eighteen years and not a party to the within case; my business address is: 2629 Townsgate Road, Suite 140, Westlake Village, CA 91361.

On <u>July 12, 2019</u>, I served the foregoing document described as:

1) Declaration of Alana B. Anaya

On the following interested party/parties in this action:

- **Alana B Anaya**
  alana@anayalawgroup.com
- **Jonathan Alexan Malek**
  Jonathan@anayalawgroup.com,jonathan@anayalawgroup.com,alana@anayalawgroup.com,brett@anayalawgroup.com
- **Nathan C Volheim**
  nvolheim@sulaimanlaw.com,jmickalovski@sulaimanlaw.com,autodocket@sulaimanlaw.com,kwadia@sulaimanlaw.com
- **Nicholas M Wajda**
  nick@wajdalawgroup.com,rlgnotices@gmail.co

[]      **(BY MAIL) [  ] (BY CERTIFIED MAIL RETURN RECEIPT REQUESTED)**
[] by placing a true copy thereof in a sealed envelope with postage fully prepaid. I am readily familiar with the business practice of the Anaya Law Group for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business. [  ] by depositing the seal envelope with the United States Postal Service with postage fully prepaid.

[x]      **(ELECTRONICALLY BY CM/ECF SYSTEM)**
Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF system sends an electronic notification of the filing by email to the parties and counsel of record listed above, who are registered with the Court's CM/ECF System.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on <u>July 12, 2019</u>, at Westlake Village, California.

<u>Jonathan A. Malek                    </u>                    /s/Jonathan A. Malek
name                                                                          signature