1  **ALANA B. ANAYA, SBN 195758**
   Email: alana@Anayalawgroup.com
2  **JONATHAN A. MALEK, SBN 235125**
   Email: jonathan@Anayalawgroup.com
3  **ANAYA LAW GROUP**
   2629 Townsgate Road Suite 140
4  Westlake Village, CA 91361
   Tel: (805)230-9222
5  Fax: (805)230-9221

6  Attorneys for Defendant,
   ANAYA LAW GROUP
7
                    **UNITED STATES DISTRICT COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| PAUL DRISCOLL | CASE NO. 8:18-cv-02309 AG (KESx) |
| Plaintiff, | **OPPOSITION OF DEFENDANT ANAYA LAW GROUP TO PLAINTIFF REQUEST TO STAY MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| ANAYA LAW GROUP, | |
| Defendant(s). | **Hearing on Motion for Summary Judgment** |
| | DATE: August 12, 2019 |
| | TIME: 10:00 AM |
| | LOCATION: |
| | 411 West 4th Street, Courtroom 10D |
| | Santa Ana, CA 92701-4516 |

---

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.  INTRODUCTION AND STATEMENT OF FACTS

Plaintiff filed his lawsuit alleging violation of the Federal Fair Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act (RFDPA) claiming that a collection letter sent to him was not meaningfully reviewed by an attorney simply because there was no signature at the conclusion of the letter.

Defendant Anaya Law Group moved for summary judgment on the basis that during discovery, it has been determined that Plaintiff has no factual basis to support the contention that an attorney was not meaningfully involved.  During Defendant's initial responses to discovery, Defendant indicated that that attorney Alana Anaya reviewed certain account information and prepared the demand letter at issue.  Those discovery responses and related documents have been in possession of the Plaintiff since April 30, 2019.

Discovery in this matter has been open since January 2019, Plaintiff never sought to take the deposition of the Defendant until July 17, 2019 which is a few days prior to the opposition to motion for summary judgment being due.

## II. THE REQUEST TO STAY THE OPPOSITION PENDING ADDITIONAL DISCOVERY IS WITHOUT MERIT

The basis for the request for a stay is that Plaintiff contends he now wishes to conduct additional discovery. However, the issues raised in the motion for summary judgment are issues that have long been raised in this litigation.

At the very outset of this litigation, counsel for the Defendant reached out to Plaintiff's counsel and indicated that an attorney prepared the letter at issue. See Exhibit "A" to Malek Declaration.

On or about April 15, 2019, Defendant provided discovery responses to Plaintiff which in relevant part provides:

///

**INTERROGATORY NO. 3:**

State the name. address, title, and job description of each of Your employee(s) who had oversight of or otherwise controlled the creation of the collection letter sent by You to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 3:**

Alana B. Anaya, Attorney, 2629 Townsgate Road, Suite 140, Westlake Village, CA 91361. (805) 230-9222.

**INTERROGATORY NO. 4:**

State the name, address, title, and job description of each individual who authorizes or approves the content. nature. and/or structure of the collection letter sent to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 4:**

Alana B. Anaya, Attorney, 2629 Townsgate Road, Suite 140, Westlake Village, CA 91361. (805) 230-9222.

Person most knowledgeable at NuVision Federal Credit Union who can be reached through counsel.

**INTERROGATORY NO. 10:**

Identify any and all third parties that were responsible for creating, or otherwise had input over the content, form or nature of the collection letters you sent to Plaintiff during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 10:**

None.

**INTERROGATORY NO. 14:**

Identify any and all attorney(s) that reviewed the collection letter referenced in Plaintiff s Complaint prior to sending such collection letter.

**RESPONSE TO INTERROGATORY NO. 14:**

Alana B. Anaya

///

**INTERROGATORY NO. 16:**

Identify the information available to You regarding Plaintiffs account with NuVision Federal Credit Union prior to You sending the collection letter referenced in Plaintiff's Complaint.

**RESPONSE TO INTERROGATORY NO. 16:**

Computer generated record identifying the loan type, balance, last payment, date of update, date of last payment, balance due, contact information, interest rate.

***

The responses were served on the Plaintiff on April 15, 2019. Malek Decl Exhibit B. The documents produced in responses to the request for production of documents were served on April 30, 2019. Malek Decl Exhibit C.

Defendant conducted discovery in this matter and Plaintiff's responses revealed that he had absolutely no factual basis for bringing this action. Plaintiff in his response to requests for admissions 1, 4, 5, 11, and 12 could not provide any substantive responses to support his claim that an attorney did not prepare the letter.  For example:

> **REQUEST FOR ADMISSION NO. 11:** ADMIT that at least one attorney reviewed Plaintiff's account information from NuVision Federal Credit Union before sending the dunning letter.
> **ANSWER:** Plaintiff can neither admit nor deny this Request for Admission as Plaintiff is not in possession of any account note or information regarding attorney verification of his account. To the extent that an answer is required, Plaintiff denies this Request.
> **REQUEST FOR ADMISSION NO. 12:** ADMIT that Alana B. Anaya fully reviewed Plaintiff's account information from NuVision Federal Credit Union before sending the dunning letter.
> **ANSWER:** Plaintiff can neither admit nor deny this Request for Admission as Plaintiff is not in possession of any account note or information regarding attorney verification of his account. To the extent that an answer is required, Plaintiff denies this Request.

Plaintiff has had since January 2019 to conduct discovery in this matter. The motion is based on material either contained in Plaintiff's discovery responses dated April 2, 2019 or materials in the Plaintiff's possession produced by the Defendant since April 30, 2019.   Plaintiff never claimed a deposition was needed until just before the opposition to the motion for summary judgment was due.  The request is only made at this time for the purposes of delay. Given the 6 months Plaintiff has had to conduct discovery in this matter and the fact that Plaintiff has been aware, *since April*, that he has no facts to support his claims, the motion for a stay should respectfully be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant requests that the court deny the request to stay the motion for summary judgment.

DATED: July 19, 2019					Anaya Law Group

						By:	/s/ Jonathan Malek
							Alana B. Anaya
							Jonathan Malek
							Attorneys for Defendant
							Anaya Law Group

# CERTIFICATE OF SERVICE

I declare that I am employed in the County of Ventura, California. I am over the age of eighteen years and not a party to the within case; my business address is: 2629 Townsgate Road, Suite 140, Westlake Village, CA 91361.

On <u>July 19, 2019</u>, I served the foregoing document described as:

1) **OPPOSITION OF DEFENDANT ANAYA LAW GROUP TO PLAINTIFF REQUEST TO STAY MOTION FOR SUMMARY JUDGMENT**

On the following interested party/parties in this action:

- **Nathan C Volheim**
  nvolheim@sulaimanlaw.com,jmickalovski@sulaimanlaw.com,autodocket@sulaimanlaw.com,kwadia@sulaimanlaw.com
- **Nicholas M Wajda**
  nick@wajdalawgroup.com,rlgnotices@gmail.com

[ ]     **(BY US PRIORITY MAIL with Courtesy Copy via Email)**

[ ]     **(BY CERTIFIED MAIL RETURN RECEIPT REQUESTED)**
[X] by placing a true copy thereof in a sealed envelope with postage fully prepaid. I am readily familiar with the business practice of the Anaya Law Group for collection and processing of correspondence for mailing with the United States Postal Service, and the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.
[ ] by depositing the seal envelope with the United States Postal Service with postage fully prepaid.

[X]     **(ELECTRONICALLY BY CM/ECF SYSTEM)**
Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF system sends an electronic notification of the filing by email to the parties and counsel of record listed above, who are registered with the Court's CM/ECF System.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on <u>July 19, 2019</u>, at Westlake Village, California.

<u>Jonathan A. Malek</u>_____          /s/Jonathan A. Malek
  name                                                                           signature