Nathan C. Volheim
nvolheim@sulaimanlaw.com
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 6048
Telephone: (630) 568-3056
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DRISCOLL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANAYA LAW GROUP,<br><br>　　　　Defendant. | Case No. 8:18-cv-02309-AG-KES<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ANAYA LAW GROUP'S MOTION FOR SUMMARY JUDGMENT** |

NOW comes PAUL DRISCOLL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., responding to ANAYA LAW GROUP'S ("Defendant) Motion for Summary Judgment ("Defendant's Motion") and in support thereof states as follows:

**I.　　INTRODUCTION:**

Defendant's Motion asserts that it is entitled to summary judgment in its favor in connection with Plaintiff's claims under the Fair Debt Collection Practices Act

("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDPCA"). Defendant's Motion is premised entirely on its suggestion that Plaintiff cannot set forth any evidence to support his claims, and further asserts that the self-serving declarations of Defendant's principal illustrate that it is entitled to judgment in its favor in connection with Plaintiff's claims.

However, Plaintiff's purported failure in this regard is due directly to the incomplete nature of discovery in this matter – specifically, that Plaintiff has not yet taken the 30(b)(6) deposition of Defendant's corporate representative. Courts have noted the extent to which the evidence Defendant accuses Plaintiff of lacking is *precisely* the type of evidence which a Plaintiff would be expected to glean through deposition testimony. The importance of the evidence only gatherable through deposition testimony, in combination with the early-timing of Defendant's Motion, illustrate that Plaintiff should be granted the opportunity to take Defendant's 30(b)(6) deposition prior to addressing Defendant's Motion.

Therefore, Plaintiff opposes Defendant's Motion pursuant to Fed. R. Civ. P 56(d), and requests that the Court defer considering Defendant's Motion until such time as Plaintiff takes the 30(b)(6) deposition of Defendant's corporate representative and can submit a corresponding supplemental response to Defendant's Motion.

**II.     ARGUMENT**

    **a. Fed. R. Civ. P. 56(d)**

Pursuant to Fed. R. Civ. P. 56(d), "[i]f a nonmovant shows by affidavit or

declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Courts describe this rule as providing a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco,* 818 F.2d 1515, 1518 (9th Cir. 1987). If a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery. *See Margolis v. Ryan,* 140 F.3d 850, 853 (9th Cir. 1998). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Id.*

### b. Plaintiff Needs Further Discovery To Obtain Facts Essential To Justify His Opposition To Defendant's Motion

As set forth in the accompanying affidavit, Plaintiff needs further discovery to obtain facts essential to justify his opposition to Defendant's Motion. *See* Exhibit A, Affidavit of Nathan C. Volheim. Defendant's Motion is premised *entirely* on Plaintiff's purported lack of evidence to support his claims and a lack of evidence to rebut the declarations of its principal as to its internal process and procedures regarding how it reviews and sends collection letter.

3

However, absent Defendant's deposition testimony, Plaintiff could not reasonably obtain any of the information regarding its internal procedures and processes Defendant accuses Plaintiff of lacking. As courts have noted in the context of FDCPA cases asserting a lack of attorney review in a collection letter sent by a law firm, plaintiffs asserting such claims "would have no basis for knowing the inner workings of defendant and need not plead them." *Knack-Toms v. Meyer Njus Tanick, PA,* 345 F. Supp. 3d 1033, 1039 (N.D. Ill. 2018). Similarly, absent Defendant's deposition testimony, Plaintiff would have no reasonable basis to ascertain the inner-workings of Defendant or to be able to verify any indications made about its internal procedures in its written discovery responses – responses which had issues that were not fully resolved until *after* the filing of Defendant's Motion. *See* Exhibit A, ¶¶ 8-10.

As such, it is clear that the information Plaintiff would seek through Defendant's deposition testimony is essential to justify his opposition. Through such deposition, Plaintiff will be seeking specific information regarding the truth of the representations made in Defendant's Motion; the extent of attorney involvement in the sending of the collection letter; whether Defendant reached the considered determination that an account is proper for legal action prior to sending out a collection letter, the extent of Ms. Anaya's purported involvement in the sending of Defendant's collection letters, how many collection letters Defendant sends out on a daily basis, and whether and to what extent any individuals besides attorneys were

involved in the creation and sending of the collection letter at issue. *See* Exhibit A, ¶ 15.

Furthermore, it is likely that the deposition of Defendant's corporate representative will discover facts that preclude summary judgment in its favor. As Defendant's Motion suggests, Ms. Anaya, one of presumably multiple attorneys working for Defendant, is the sole attorney responsible for reviewing, drafting, and sending demand letters to consumers in connection with Defendant's collection efforts. [Dkt. 17, PageID 54]. On its face, a suggestion that Ms. Anaya, as the principal of law firm, *never* delegates the drafting of demand letters to consumers to other attorneys in her office is dubious (especially considering she appears to have been out of the office for a period of approximately two weeks during the pendency of this litigation, Exhibit A, ¶ 9 – and this contention and its corresponding inferences would be tested under the rigors of direct examination in deposition. Furthermore, Defendant's proffered evidence, while indicating a certain amount of attorney review, does not suggest that the review was *meaningful* within the context of lack of attorney review claims under the FDCA. As courts have noted:

> The attorney letter implies that the attorney **has reached a considered, professional judgment** that the debtor is delinquent **and is a candidate for legal action**. It is this implicit message that gets the debtor's knees knocking and makes the attorney letter a particularly effective method of debt collection.

*Nielsen v. Dickerson,* 307 F.3d 623, 635 (7th Cir. 2002) (emphasis added).

Defendant's letter goes even further than the implication identified in *Nielsen* as it explicitly mentions the invocation of legal action go about collecting the subject debt. [Dkt. 1-1]. However, while Defendant's Motion asserts that there was *some* sort of review done of the collection letter at issue, it falls woefully short of illustrating that its review of the letter was *meaningful* – i.e., that Defendant had reached the considered, professional judgment that Plaintiff was *a candidate for legal action,* and thus sent the letter threatening litigation. As such, the deposition of Defendant's corporate representative will likely lead to facts illustrating that the nature of Defendant's review of the collection letter did not result in any sort of determination that Plaintiff was a candidate for legal action, which would therefore provide facts to Plaintiff which would be used to address the contentions made in Defendant's Motion.

      Defendant will likely assert that Plaintiff's request for further time to take Defendant's corporate deposition is the result of dilatory behavior on the part of Plaintiff. However, Plaintiff's actions were not dilatory, but instead reflect a considered and pragmatic approach as to how to conduct discovery in as efficient a manner as possible. While it is true that Defendant tendered its responses to Plaintiff's first set of written discovery on April 30, 2019, a review of that discovery illustrated numerous deficiencies. Exhibit A, ¶ 8. These deficiencies created inherent delay in the manner Plaintiff proceeded through discovery, as Defendant's deficiencies prompted Plaintiff to, rather than proceed with its next step in discovery

– depositions – instead divert time and attention attempting to remedy the deficiencies in Defendant's discovery responses. It would make little sense to proceed with depositions when the information and documents originally requested from Defendant were produced in a deficient manner. As such, any perceived dilatory aspects to Plaintiff's actions in proceeding through discovery were caused by Defendant's deficient discovery responses and the time such deficiencies caused to be diverted from Plaintiff's pursuit of discovery.

Furthermore, it is important to note that discovery in this matter does not close until November 18, 2019. [Dkt. 16]. At the outset of this case, the parties clearly contemplated a timetable for discovery that allowed such time to complete depositions and discover in this matter. However, Defendant's Motion, filed nearly 4 months before the close of discovery – in combination with other delays in the discovery process, have resulted in Plaintiff needing further discovery – conducted well within the timetable originally set out for discovery – to respond to Defendant's Motion.

Therefore, Defendant's Motion should be denied or the Court should defer considering the Motion until such time as Plaintiff can conduct the deposition of Defendant's corporate representative. The attached affidavit and information provided in this Response illustrates that the specific facts sought to be gleaned from such deposition are essential to Plaintiff's claims. It is further likely that the requested deposition will elicit such essential facts. Therefore, Plaintiff has met his showing for

relief under Fed. R. Civ. P. 56(d).

### III.   CONCLUSION:

As set forth herein, Plaintiff requests, pursuant to Fed. R. Civ. P. 56(d), that Defendant's Motion be denied or that ruling of Defendant's Motion otherwise deferred so that Plaintiff may take the deposition of Defendant's corporate representative.

Dated: August 5, 2019 _____ Respectfully submitted,

*/s/ Nathan C. Volheim*
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted *pro hac vice*
SULAIMAN LAW GROUP, LTD
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 568-3056
Facsimile: (630) 575-8188
Email: nvolheim@sulaimanlaw.com

# CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that on August 5, 2019, he caused a copy of the foregoing, **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ANAYA LAW GROUP'S MOTION FOR SUMMARY JUDGMENT** to be served electronically via CM/ECF system on: all counsel of record.

*s/ Nathan c. Volheim*
Counsel for Plaintiff