# Exhibit A

NATHAN C. VOLHEIM
nvolheim@sulaimanlaw.com
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DRISCOLL, | Case No. 8:18-cv-02309-AG-KES |
| Plaintiff, | **AFFIDAVIT OF NATHAN CHARLES VOLHEIM** |
| v. | |
| ANAYA LAW GROUP, | |
| Defendant. | |

**AFFIDAVIT OF NATHAN VOLHEIM**

I, NATHAN VOLHEIM, being first duly sworn upon oath, depose and say that I submit this Affidavit in support of Plaintiff's Response to Defendant's Motion for Summary Judgment. I have personal knowledge and thereby testify to the below facts. The facts set forth in the affidavit are known to me to be true based upon my personal knowledge of such facts. If called upon to testify as a witness, I would so testify to these facts:

1. I am an attorney licensed to practice law in the State of Illinois as well as numerous federal district courts throughout the country.

2. I am employed by Sulaiman Law Group, Ltd. ("Sulaiman") and am counsel of record for Paul Driscoll ("Plaintiff"), admitted *pro hac vice,* in the above captioned civil matter.

1

3. Despite Plaintiffs diligence in seeking discovery in this matter, Plaintiff nevertheless needs additional time to take the deposition of Defendant's corporate representative in order to respond to Defendant's pending Motion for Summary Judgment.

4. On January 31, 2019, the Court entered the Scheduling Order in this matter, setting a discovery cut-off date of November 18, 2019. [Dkt. 16].

5. Thereafter, Plaintiff issued his first set of written discovery to Defendant on February 15, 2019.

6. Defendant tendered answers to Plaintiff's first set of written discovery requests on April 30, 2019.

7. Plaintiff's intention was to, upon reviewing Defendant's discovery responses, issue a notice of deposition seeking the deposition of Defendant's 30(b)(6) representative in order to go about gathering the information necessary.

8. However, after reviewing Defendant's discovery production and realizing its deficiencies, on June 25, 2019, Plaintiff sent Defendant a written meet and confer letter pursuant to Fed. R. Civ. P. 37.

9. On July 2, 2019, Defendant responded to Plaintiff's written correspondence, requesting until July 20, 2019 to supplement its discovery responses. Defendant stated that its principal, Ms. Anaya, was unavailable until July 10, 2019, nearly two weeks after receiving the request to meet and confer, and thus needed additional time to respond.

10. Prior to supplementing its discovery responses, on July 12, 2019, Defendant filed its pending Motion for Summary Judgment.

11. On July 17, 2019, Defendant served Plaintiff with its supplemental responses.

12. This same day, Plaintiff issued a notice of deposition seeking the deposition testimony necessary to gather facts essential to justify Plaintiff's opposition to Defendant's Motion.

13.     Given Plaintiff's desire to have adequate discovery responses prior to taking any deposition of Defendant and Defendant's failure to submit adequate discovery responses initially, the timing of Defendant's Motion for Summary Judgment comes at a point in the litigation where Plaintiff has not yet been able to engage in the discovery necessary to support his opposition to Defendant's Motion for Summary Judgment.

14.     As Defendant's Motion for Summary Judgment points out, its purported entitlement to summary judgment is premised upon Plaintiff's failure to adduce or set forth evidence that would be gathered through the deposition of Defendant's corporate representative. [Dkt. 17, PageID #54-55].

15.     Specifically, the deposition of Defendant's corporate representative will shed light on the truth of the facts set forth in the affidavits and declarations attached to Defendant's Motion for Summary Judgment, and further shed light on: the extent of attorney involvement in the sending of the collection letter, whether Defendant has reached the considered determination that an account is proper for legal action prior to sending out a collection letter, the extent of Ms. Anaya's purported involvement in the sending of Defendant's collection letters, how many collection letters Defendant sends out on a daily basis, and whether and to what extent any individuals besides attorneys were involved in the creation and sending of the collection letter at issue.

16.     Further discovery on these points would preclude summary judgment in Defendant's favor. Given that Defendant's Motion is premised entirely on Plaintiff's purported failure to obtain evidence that contradicts its own, the evidence sought to be gathered through the deposition testimony would be the precise evidence Defendant's Motion accuses Plaintiff of lacking, and would therefore go towards defeating Defendant's Motion on the summary judgment stage.

17. Therefore, Plaintiff asks that the Court permit Plaintiff to take the deposition of Defendant's corporate representative in order to ascertain the facts necessary to justify his opposition to Defendant's Motion for Summary Judgment.

FURTHER AFFIANT SAYETH NOT:

s/ /s/
Nathan C. Volheim